# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS THOMAS AMPS, | CASE NO. 1:10-cv-00395-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE |
| v. | (Doc. 32) |
| J. AYON, et al., | |
| Defendants. | |

Plaintiff Louis Thomas Amps, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2010. This action is proceeding against Defendants Ayon and Pelayo for failing to protect Plaintiff, in violation of the Eighth Amendment of the United States Constitution.

On June 29, 2012, Defendants filed a motion for summary judgment. On July 3, 2012, the Court ordered Plaintiff to file an opposition or a statement of non-opposition within twenty-one days and it warned Plaintiff that the failure to comply with the order would result in dismissal, with prejudice. On July 9, 2012, following the decision in *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), the Court issued a second notice warning Plaintiff of the requirements for opposing Defendants' motion. To date, Plaintiff has not complied with or otherwise responded to the order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than two years. Plaintiff is obligated to comply with the Local Rules and he was initially informed via court order of the Local Rule governing the briefing schedule. In addition, Plaintiff was notified of the requirements for opposing motions for summary judgment. Despite Plaintiff's duty to comply with all applicable rules, upon the filing of the motion for summary judgment, the Court prompted Plaintiff to comply by filing an opposition or a statement of non-opposition. Shortly thereafter, following the issuance of *Woods*, the Court issued a second summary judgment notice. The Court's efforts were met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. *In re Phenylpropanolamine (PPA) Products Liability*

*Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

In summary, Plaintiff filed this action but he is no longer prosecuting it. Almost two months have passed since Defendants filed their motion for summary judgment, and Plaintiff has not responded, despite the issuance of the Court's First Informational Order, the Court's order specifically directing him to respond, and the Court's *Woods*-mandated notice. (Docs. 3, ¶9; Doc. 32; Doc. 33.) The Court is buried under a veritable flood of civil cases and simply cannot afford to expend resources resolving, on the merits, an unopposed motion for summary judgment in a case a plaintiff is no longer prosecuting.

Accordingly, the Court finds that dismissal is the appropriate sanction. This action is HEREBY ORDERED dismissed, with prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated:   August 19, 2012

CHIEF UNITED STATES DISTRICT JUDGE